## No. 10,744.

SAGUACHE LUMBER AND HARDWARE CO. ET AL. *v.* BRIGGS.

Decided June 2, 1924.

Action to compel a corporation to enter upon its books a transfer of stock. Judgment for plaintiff.

### *Affirmed.*

1. CORPORATIONS—*Stock—Transfer.* In transferring stock on the books of a corporation, the surrender of the old certificate is essential only for the protection of the corporation, and may be waived.

2. *Stock—Transfer—Waiver.* Where a corporation, without the surrender of the old certificate of stock, agreed to transfer the stock on its books and deliver the new certificate to a bank, which would deliver it to the transferee on surrender of the old certificate, it is held that it waived surrender of the old certificate as a condition of making the transfer.

*Error to the District Court of Saguache County, Hon. J. C. Wiley, Judge.*

Mr. JOHN I. PALMER, for plaintiffs in error.

Mr. L. W. BURFORD, Mr. JAMES P. VEERKAMP, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit to compel a corporation to enter upon its books a transfer of stock. To review the judgment, which was for plaintiff, defendants below have sued out this writ of error.

On June 20, 1922, W. C. Briggs, then the holder of 1,400 shares of stock in the defendant corporation, assigned his certificate of stock, representing such shares, to the plaintiff, Fannie V. Briggs.

In its answer, and at the trial, the defendant corporation sought to justify its refusal to enter the transfer on its books on the ground that the original certificate was not surrendered.

The surrender of the old certificate is not made necessary by statute in order to obtain a transfer of stock on the books of the corporation. In the instant case, this matter was provided for in the certificate itself. It could have been, as it was, waived. The surrender of the old certificate is essential only for the protection of the corporation, and may be waived by it. 14 C. J. 677, citing, among other cases, Richardson v. Longmont Supply Ditch Co., 19 Colo. App. 483, 76 Pac. 546. In the instant case the corporation waived the surrender of the old certificate at its office. It, through its secretary, when advised of the assignment, agreed that it would enter the transfer from W. C. Briggs to Fannie V. Briggs on its books, and issue a new certificate, in the name of Fannie V. Briggs, and leave it at a bank where it would be delivered to Fannie V. Briggs or her attorney upon presentation at such bank and the surrender of the old certificate. This agreement was not carried out by the corporation. Within a reasonable time after the making of this agreement, and on learning that the stock had been attached as the property of W. C. Briggs,

the plaintiff's attorney sought to ascertain the reason for the corporation's failure to enter the transfer upon its books, and then learned that the company refused to make the transfer or to issue a new certificate, not because the old certificate had not been surrendered at its office, but simply because it, the corporation, desired to attach the stock as the property of the assignor, W. C. Briggs, who was a debtor of the corporation at the time he made the assignment. The corporation caused a writ of attachment to issue on May 6, 1922, but the writ was not executed until July 20, 1922, which was about two days after the agreement to enter the transfer was made and after the transfer ought to have been entered. No argument based on this circumstance is made, but plaintiffs in error rely solely on the fact that plaintiff below never at any time surrendered the old certificate. That fact cannot, under the circumstances, avail the plaintiffs in error anything. The corporation had not insisted on the surrender of the old certificate at its office, but led plaintiff and her attorney to rely on the agreement, hereinbefore mentioned, whereby it would be sufficient to surrender the old certificate at the bank after the new certificate would be deposited there and after the transfer would be entered on the books.

There was no error in the judgment compelling a transfer, nor any error in enjoining the corporation from proceeding further with the levy on the stock as the property of the assignor, W. C. Briggs. The corporation's duty was to enter the transfer on or about July 18, 1922, at the time it agreed to do so, and it could not thereafter, in the capacity of a judgment creditor or otherwise, claim any rights based on facts arising from its own wrong in the failure to carry out the agreement to enter the transfer on its books.

The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.